UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

EUGENE JAMAR THOMAS,

      Defendant.

_____

DECISION AND ORDER
21-MJ-564-MJP

**Pedersen, M.J.** Before the Court are defendant Eugene Jamar Thomas's ("Thomas") objections to one of the conditions of his pretrial release and the implied condition requiring that he sign an authorization to permit release of confidential information in relation to mental health test results, diagnosis, and prognosis. (Zoghlin Corresp. at 3 , Apr. 28, 2021.)[1] For the reasons stated below, the Court directs that the United States Probation release form[2] at issue here be edited in this case only to remove certain terms.

Thomas is charged in a criminal complaint with a violation of 18 U.S.C. § 287, filing a fraudulent tax return. (Compl. at 1, ECF No. 1.) Defense counsel objects to Thomas signing the release currently proposed by Probation as Thomas, who is presumed innocent, should not be required "to relinquish his right to privacy in his mental health records" and that this is not necessary for Pretrial Services to ensure his compliance with the challenged condition. (Zoghlin Corresp. at 2.) Defense counsel argues that the

---

[1] The application for a change to the form at issue was made in open court, followed by email correspondence. All email correspondence is on file with the Court, but is not a part of the docket.

[2] United States Pretrial Services System Authorization to Release Confidential Information Mental Health Treatment Programs (PS 6D, Rev 9/20 WDNY).

information sought "goes far beyond what is required to supervise Mr. Thomas' compliance." (*Id.* at 3.) Further, defense counsel believes that the information she proposes be released under her proposed release provides enough information for Probation to determine that Thomas is receiving mental health treatment from the Veteran's Outreach Center, a reputable provider, as required by the Court. (*Id.*)

The government contends that the Court-imposed condition that Thomas "submit to a mental health evaluation and/or treatment as approved by Pretrial Services" necessarily means that, first, Thomas undergo an evaluation and, second, that Pretrial Services can access what, if any, treatment is necessary. (Zoghlin Corresp., Ex. A, McGuire email, Apr. 26, 2021.) It follows, then, that Pretrial Services will need to know the test results, diagnosis, and prognosis to be in a position to approve or disapprove of any treatment. (*Id.*) The government further contends that one of the purposes of the condition at issue is the safety of probation officers tasked with supervising Thomas. (*Id.*) Finally, the government asserts that the United States Probation Office's current Statement of Work with treatment providers requires that the supervisee sign the release or be forced to find his or her own provider and pay for the services. (*Id.*)

Probation Officer Whitcomb stated that revising the mental health release form to remove the requested information will impact Pretrial Services' ability to effectively supervise a defendant with a mental health condition if treatment is indicated. (Zoghlin Corresp., Ex. B, Whitcomb Corresp., Apr. 26, 2021.) In particular, knowing a defendant's diagnosis allows officers to identify signs of decompensation aids the officers in helping the defendant avoid becoming a danger. (*Id.*) It also allows the officers to be aware of any safety concerns for themselves and others. Officer Whitcomb also indicated that knowing

the defendant's prognosis is helpful because it often provides information regarding whether an individual's symptoms could possibly improve or worsen over time. (*Id.*)

Defense counsel contends that there is no basis to assume that Thomas poses a danger to the probation officer and simply because someone suffers from a mental illness does not mean they are more likely to be violent than someone who does not suffer from such an illness. (*Id.* at 3–4.) Defense counsel further argues that "[a] probation officer is not a mental health treatment provider" and it is not the officer's job to determine whether an individual's treatment is working. (*Id.* at 4.) This should be left to Thomas's qualified mental health treatment provider who has an independent duty to warn the public if Thomas poses any danger to the community. (*Id.*) Defense counsel also contends that probation's "Statement of Work" cannot dictate that Thomas must waive his right to confidentiality.

Finally, Thomas objects to the United States Probation release form on the grounds that information that Pretrial Services collects will find its way into the presentencing report. 18 U.S.C. § 3153(c)(1) ("Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential.").

Thomas is the type of defendant who is subject to being detained, and a condition of release is that he submit to a mental health evaluation and/or treatment as approved by Pretrial Services so he can remain out of custody and not pose a danger to a person or persons. 18 U.S.C. § 3142(f)(1)(B). Without the information Thomas objects to in the

3

release, Pretrial Services argues that it will not know whether it is meeting the goal of keeping him and the community safe.

The Court lauds the Probation Office's proactive stance on the prevention of harm, but believes that the restriction of some information in Thomas's case is necessary to avoid the pitfalls identified by defense counsel.

With respect to test results (*e.g.*, psychological, psycho-physiological measurements, and vocational evaluations), the Court is not persuaded that they will provide information that goes to the statutory need to ascertain whether the condition set by the Court will "reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(f).

However the Court does find that disclosure of Thomas's diagnosis and prognosis is prudent in this particular case, given Thomas's significant mental health history.[3] Defense counsel cites to two prior decisions authored by the undersigned regarding challenges to the release at issue—*United States v. Cody Burgess*, 20-MJ-717-MJP (ECF No. 17) and *United States v. Timothy M. Carter*, 20-MJ-719-MJP (ECF No. 11)—in which the undersigned found that disclosure of the defendants' diagnosis and prognosis was not required. However, those cases are distinguishable from the present case as they involved sex offenders. Here, however, the Court has a concern for Thomas's mental health during pretrial supervision.

---

[3] Diagnosis is defined as "[t]he determination of a medical condition (such as a disease) by physical examination or by study of its symptoms"), and prognosis is defined as "[t]he process of forecasting the probable outcome of a present medical condition (such as a disease)". DIAGNOSIS, Black's Law Dictionary (11th ed. 2019); PROGNOSIS, Black's Law Dictionary (11th ed. 2019).

4

Further, the undersigned shares the concerns of both the government and Pretrial Services in knowing whether Thomas poses or could pose a danger to Pretrial Services officers and others. The undersigned agrees that permitting Pretrial Services to access Thomas's diagnosis and prognosis could provide increased safety for its officers and enable those officers to be aware of the possibility of any decompensation and signs thereof so that they can ensure Thomas reengages with mental health treatment to avoid becoming a danger.

## CONCLUSION AND ORDER

The Court directs that the revised release form presented to defendant Eugene Jamar Thomas be edited starting with the paragraph that begins "The confidential information to be released will include," to remove the following term: "test results (*e.g.*, psychological, psycho-physiological measurements, and vocational evaluations)."

Further, Thomas may raise to the district court any objection to inclusion in the presentencing report, should one be prepared in this case, of information in violation of his constitutional rights.

IT IS SO ORDERED.

DATED:   April 28, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge

5