UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.

EUGENE JAMAR THOMAS,

        Defendant.

DECISION AND ORDER
REGARDING RKKS REPORT

21-CR-6120-CJS-MJP
21-MJ-564-MJP
21-MR-6097-EAW

---

**Pedersen, M.J.** In a Decision and Order, dated May 19, 2021, the Honorable Elizabeth A. Wolford, Chief Judge, affirmed a portion of the undersigned's Decision and Order, dated Apr. 28, 2021, directing the United States Parole Office ("USPO") to edit its release form to remove a reference to "test results (e.g., psychological, psycho-physiological measurements, and vocational evaluations.)." (ECF No. 8 in 21-MR-6097-EAW.) Judge Wolford additionally affirmed the undersigned's finding that a defendant's "diagnosis" and "prognosis" should not be removed from USPO's release form. (*Id.* at 9.) However, Judge Wolford also indicated

> it may well be that other aspects of the evaluation should be disclosed to be in compliance with Defendant's pretrial release conditions. Since it is not even clear here that the provider with whom Defendant has scheduled an appointment will prepare a written evaluation, the Court hesitates to opine further on other aspects of the evaluation that the USPO should receive. Particularly, since it does not appear that the issue was specifically addressed by Judge Pedersen, the Court concludes that the more prudent course is for that issue to be revisited with Judge Pedersen, if necessary.

(*Id.* at 12.)

Defendant underwent an evaluation by a Mental Health Counselor at RKKS Mental Health Counseling, PLLC, and the counselor issued a report, dated June 22, 2021 ("RKKS Report"). The undersigned provided defense counsel with the opportunity to provide Defendant's position regarding which portions of the RKKS Report should be disclosed to the USPO and the government in compliance with the USPO release, and defense counsel submitted a redacted version of the report. (Email from S. Zoghlin to the Court (Aug. 9, 2021 12:48 PM) with attached redacted copy of RKKS Report.)) The undersigned thereafter issued an Order noting that defense counsel objected to disclosing information falling under the section of the RKKS Report entitled "Psychosocial Summary," containing the following subsections:

> Family History, Social Influences, Educational and Employment History, Medical History, Mental Health History, Drug and Alcohol History, and Legal History.

(ECF No. 29 at 1–2 in 21-CR-6120-CJS-MJP.) The undersigned invited the U.S. Attorney and the USPO to discuss and comment on the subsections that defense counsel proposed be redacted. (*Id.* at 2.) Importantly, the undersigned noted that the proposed redactions do not include information regarding testing or progress notes. (*Id.*)

The USPO submitted a Memorandum to the undersigned, dated September 10, 2021, in which it asserted its position that all information redacted by defense counsel should be disclosed. (Memorandum from U.S. Probation Officer Sarah C. Whitcomb to the Court.) The government also submitted its Response to the Court's Order Regarding RKKS Report, dated September 10, 2021, in which it echoed the position

of the USPO that the redacted information be disclosed to aid the USPO in ensuring that Defendant has complied with the conditions of his pretrial release. (ECF No. 31 at 2–3 in 21-CR-6120-CJS-MJP.) Finally, defense counsel submitted correspondence to the Court further arguing that the proposed redaction is appropriate to protect Defendant's right to confidentiality in his mental health records and his right to remain silent. (Corres. from S. Zoghlin to the Court at 2, dated Sept. 17, 2021, ECF No. 32 in 21-CR-6120-CJS-MJP.)

After reviewing the forgoing, the undersigned finds that the full, unredacted RKKS Report shall be provided to the USPO and the government. The undersigned finds that the proposed redacted information is not testing data but can more properly be described as prognosis and diagnosis information, which both the undersigned and Judge Wolford found is proper to disclose. The undersigned finds that it is prudent for the USPO to have access to the full RKKS Report to effectively monitor Defendant's compliance with the conditions of his release and advise the Court on whether, in light of the information in the RKKS Report, the recommended conditions are appropriate. Accordingly, defense counsel is directed to provide the full, unredacted RKKS Report to the USPO and the government. This Order is stayed for 14 days to permit Defendant time to appeal it, should he so wish.

IT IS SO ORDERED.

DATED:   September 23, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge